UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:21 MJ 6114 PLC |
| | ) |
| Antaveon Bernard Le'Vell Kent, | ) |
| | ) |
| Defendant. | ) |

**MOTION FOR PRETRIAL DETENTION AND HEARING**

Comes now the United States of America, by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Angie E. Danis, Assistant United States Attorney for said District, and moves this Court to order the defendant detained pending trial, and further requests that a detention hearing be held at the time defendant's initial appearance before the United States Magistrate Judge pursuant to Title 18, United States Code, Section 3141, et. seq., and per current guidance from the Court.

As for its grounds for detention, the government requests this Court to consider the following factors pursuant to Title 18, United States Code, Section 3142.

**Presumption of Detention**

1.The defendant is charged with offenses for which the maximum term of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), possession with intent to distribute a controlled substance, and offenses under Title 18, United States Code, Sections 924(c) and 924(j).

2.The offenses with which the defendant are charged trigger a rebuttable presumption of detention pursuant to Title 18, United States Code, Section 3142(e)(3)(A) and (B). There are

no conditions or combination of conditions which will reasonably assure the appearance of the defendant as required, and the safety of any other person and the community.

### The Nature and Circumstances of the Offense

3. Title 18, United States Code, Section 3142(g) requires this Court to consider the nature and characteristics of the offense charged, including whether the offense is a controlled substance offense or a crime of violence. The instant offenses are both drug offenses and crimes of violence, for which the death penalty is authorized. As a result, the first of the § 3142(g) factors weighs in favor of detention.

### The Weight of the Evidence Against the Defendant

4. Section 3142(g)(2) requires this Court to consider the weight of the evidence against the defendant. The government submits that the evidence against the defendant is strong. As described in the affidavit in support of the criminal complaint, the defendant utilized his own Facebook account to set up the robbery of a drug dealer, which led to the murder of two individuals and the nonfatal shooting of a third individual. Furthermore, a subject matching the defendant's description and his accomplice, Demorion LITTLE, are both visible on surveillance footage at the scene of the incident.

### The History and Characteristics of the Defendant

5. This Court should consider the defendant's past conduct, including his history relating to drug or alcohol abuse, and criminal history. *See* 18 U.S.C. § 3142(g)(2)(A).

6. The defendant is currently on probation in St. Louis County under cause number 17SL-CR09846-01 for the offenses of attempted robbery in the first degree, tampering in the first degree, and felony resisting arrest by flight. The docket sheet of that case indicates that the defendant is currently in violation of the terms of his probation and there is a probation violation

hearing set for June 17, 2021. If the defendant cannot abide by the terms of supervision that he is already subject to, he cannot be expected to abide by the terms of any supervision this Court may order.

### The Nature and Seriousness of the Danger to the Community

7. The present offense involves a double homicide that took place during daylight hours in the City of St. Louis. It was calculated, planned, and executed. A third individual was shot, but survived. This defendant's involvement suggests that he is incredibly dangerous to the community.

### Risk of Flight

8. There a serious risk that the defendant will flee because he is facing a significant prison sentence in this case, based on the severity of the charges. Furthermore, the defendant's history indicates a proclivity for violence and flight from law enforcement.

### Conclusion

9. The government submits that when considering all of the factors outlined in Title 18, United States Code, § 3142(g), the factors weigh heavily in favor of detention. There is clear and convincing evidence that no condition or combination of conditions that will reasonably assure the safety of any other person and the community.

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney

/s/ Angie E. Danis
ANGIE E. DANIS, #64805MO
Assistant United States Attorney